## 9766.  WISE *v.* MOHAWK RUBBER COMPANY.

JENKINS, J.  1.  Where one holds another out as his special agent, the principal is bound by the agent's apparent authority to do the particular thing thus authorized, as well as to do any and all things usual and necessary, and to employ all usual and necessary means that may be reasonably required, in the due, proper, and ordinary performance of the particular purpose of the appointment.  Civil Code (1910), § 3595; *Bass Co.* v. *Granite City Co.,* 119 *Ga.* 124 (45 S. E. 980); *Raleigh &c. Railroad Co.* v. *Pullman Co.,* 122 *Ga.* 700, 705, (50 S .E. 1008).  But a person dealing with such an agent takes the risk as to any extension of the agent's authority beyond that which is thus authorized, and the burden rests upon him to show authority from the principal for any acts of the agent other than such usual and ordinary acts as are reasonably necessary to a due performance of the particular purpose of the agency.  *Napier* v. *Strong,* 19 *Ga. App.* 401 (3), 408 (91 S. E. 579).

2.  It not being shown that the collateral contract made by the purchaser with the traveling salesman was a usual and necessary incident to the sale, or that the salesman had authority to make such a contract, it had no binding effect upon the principal; nor would the .fact that the seller, after the buyer had apprised him of such unauthorized agreement, proceeded to sell and furnish to the buyer another consignment of the articles of merchandise, have the effect of ratifying the terms of the original unauthorized agreement, it appearing also that at the time the subsequent sale was made ,the seller repudiated the agreement in question, and shipped the additional articles without any agreement or understanding, expressed or implied, that the repudiated promise of his agent would be recognized.

*Judgment affirmed.  Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 15, 1919.

Complaint; from city court of Sandersville—Judge Jordan. April 23, 1918.

*W. M. Goodwin,* for plaintiff in error.

*Evans & Evans,* contra.