## 50230. BRUCE et al. v. CALHOUN FIRST NATIONAL BANK et al.

MARSHALL, Judge.

This appeal contests the legal accuracy and factual propriety of trial court instructions on express and implied warranties of Article 2 of the Uniform Commercial Code.

The suit arose out of a sale by appellees (defendants below) of some 76 rolls of mixed types of broadloom carpet to appellants (plaintiffs below). The carpets were "close-out" or "discontinued styles" which the appellees had on hand after sale of their carpet company to another company. Appellees hired an agent named Eller to advertise and arrange for the sale of the carpet. On the day of the sale the rolls of carpet were stacked in a warehouse with a "hyster" nearby that was available to lift the rolls for inspection. Appellants did not use the "hyster" or unroll the carpet but alleged that they relied on Eller's statements that "there is not a thing in the world wrong with the carpet except its off-shade." Eller testified that he made no representations as to quality of

the goods but told appellants: "There is the carpet and there is the hyster, you can inspect any roll that you want to look at. You have the right to look at any roll that you want to look at, but I'm selling it to you for cash where it is . . . And other than turning up the corners and looking at the density of the carpet, there was no inspection at all done." In negotiating on the price Eller said he told appellants: "We will take twenty-eight thousand for it, as is, where is, for cash. . ." Upon inspection after the sale, appellants discovered the carpet had "lines out, pull marks, . . . holes in it, . . . bare spots, . . . where there wouldn't be any yarn, . . . dye spots . . . loose jute" and other defects.

A previous appeal (*Smith v. Bruce,* 129 Ga. App. 97 (198 SE2d 697)) resulted in a reversal of the trial court because of inadequate and incorrect instructions concerning warranties. On retrial of the case, the trial court instructed the jury on all of the requests to charge submitted by both parties. Appellants made objections to some of appellees' requests to charge which were given. Upon completion of these exceptions by appellants, the jury returned a verdict in favor of appellees. Appellants enumerated 15 errors. *Held:*

1. Enumeration 1 is not supported by argument or citation of authority and is deemed abandoned. *Underwood v. Ranger Mfg. Co.,* 116 Ga. App. 803 (159 SE2d 144).

2. Enumerations 2 and 3 complain that the trial court erred in allowing the jury to retire, consider the pleadings and evidence, and return verdict *before* appellants were allowed to make objections to instructions.

There is no express statutory requirement that the trial court instruct the jury not to retire and deliberate until all exceptions have been heard and ruled upon. Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078 (Code Ann. § 70-207) only requires that a party object to instructions "before the jury *returns* its verdict," not before it retires to deliberate its verdict. The transcript clearly shows that the appellants made their objections before the jury returned its verdict, even though after it had retired to deliberate. Such procedure

was not contrary to the law.

3. Enumerations 4, 6, 10, 11, 12, 14 and 15 allege error in respective instructions given by the court which, inter alia, were repetitious of other instructions. It appears that the trial judge charged the warranty instructions requested by appellees, then charged basically the same instructions requested by appellants. While repetitious instructions are not desirable (see e.g. *Jackson v. Matlock*, 87 Ga. App. 593 (3) (74 SE2d 667)), there was no error here where the appellants requested the charges that were repeated and where the judge cautioned the jury that the repetition was not intended to emphasize one side or the other.

Furthermore, it appears from the record that no objection was made to the instructions specified in these enumerations and Enumeration 7, on the ground that they were repetitious or on any other ground. There appearing to be no "gross injustice" resulting from the alleged errors in the charges, and no exceptions made as provided by Code Ann. § 70-207 (a, b), the alleged errors cannot be considered on appeal. *Berger v. Plantation Pipeline Co.*, 121 Ga. App. 362 (5) (173 SE2d 741); *Metropolitan Transit System, Inc. v. Barnette*, 115 Ga. App. 17 (1) (153 SE2d 656); *Nathan v. Duncan*, 113 Ga. App. 630 (6) (149 SE2d 383).

4. Appellants did make timely objections to appellees' requested instructions specified in Enumerations 5, 8, 9 and 12. (Enumeration 13 was specifically abandoned).

Enumeration 5 challenges the validity of two instructions requested by appellees and given by the court which dealt with the issue of Eller's agency authority: "Ladies and Gentlemen of the jury, I charge you that in special agencies for a particular purpose, persons dealing with the agent should examine his authority. . . One dealing with a special agent is chargeable with notice of the extent of the agent's authority . . ." "A person dealing with a special agent takes the risk as to any extension of the agent's authority beyond that which is thus authorized and the burden rests upon him to show authority from the principal for any acts of the agent other than such usual and ordinary acts as are reasonably

necessary to a due performance of the particular purpose of the agency."

The issue at trial was whether Eller was authorized to warrant the carpet as appellants allege. Appellees contend he made no warranties, and that even if he did, he had no authority to do so.

Appellants' contentions, though obscurely articulated, seem to be that these instructions were error because there was no evidence that appellants knew that Eller was a special agent or that there were limitations on his authority to make representations about the quality of the carpet.

The evidence is sufficient to support an instruction that Eller was a special agent for appellants and that he had been instructed to sell the carpet only "as is, where is." "In special agencies for a particular purpose, persons dealing with the agent should examine his authority." Code § 4-301. Even though appellants had no actual knowledge of limitations on Eller's authority to make representations on the quality of the carpet, under this statute they were charged with a duty to discover the extent of his authority. See *Southern R. Co. v. Grant,* 136 Ga. 303 (71 SE 422); *Clark & Nunnally v. Cumming & Co.,* 77 Ga. 64; *Wise v. Mohawk Rubber Co.,* 23 Ga. App. 255 (1) (98 SE 100); *Diamond Hill Gin Co. v. Swift & Co.,* 27 Ga. App. 95 (107 SE 350); *Miles v. Smith,* 37 Ga. App. 619 (141 SE 314). The instructions given were correct and supported by the evidence.

Even if error, appellants cannot show harm because the jury was authorized to find that Eller made no such representations regardless of any lack of authority to do so.

5. Enumerations 8 and 9 contend that the following instructions were erroneous: "I charge you that should you find that at the time of contracting the sellers that is the defendants had no reason to know any particular purpose for which the goods were required by the plaintiffs, then it will be your duty to find no implied warranty of fitness for a particular purpose." "I charge you that should you find that at the time of contracting, the sellers had reason to know of the particular purpose for which the goods were required by the buyers but that

the buyers, Bruce and Davis, did not rely on the defendants' skill and judgment to select or furnish suitable goods but relied upon their own skill and judgment or the skill and judgment of a third person, you should find no implied warranty of fitness for a particular purpose."

These instructions were an accurate paraphrase of the Uniform Commercial Code § 2-315 (Code Ann. § 109A-2—315), which requires *both* the seller to have reason to know of the particular purpose for which the goods are required *and* the buyer to rely on the seller's skill or judgment in selecting or furnishing suitable goods, in order to find this implied warranty on the part of the seller.

Even though appellees' agent did know appellants' "particular purpose" in buying the carpets was for general resale, that purpose is not a "particular purpose" within the meaning of U.C.C. § 2-315. See Uniform Commercial Code § 2-315, Comment 2.

6. Appellants' final reviewable enumeration (no. 12) is that the trial court erred in charging: "If you find that it was the usage in the trade to inspect close-outs and discontinued styles, the buyer is charged with the notice that such an inspection would reveal." Appellants contend there was no evidence to support this charge.

The record reveals that one witness testified that when buying "close-out" carpet it was *not* the customary practice to inspect the carpet. However, a later witness testified that such was the practice. Even though in conflict, the evidence was sufficient to support the charge "It is not error to charge the contentions of a party based on the evidence. [Cits.]" *Mendel v. Pinkard,* 108 Ga. App. 128, 138 (132 SE2d 217).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED FEBRUARY 3, 1975 —DECIDED APRIL 24, 1975 —
REHEARING DENIED MAY 13, 1975.

*Chance & Maddox, Howard W. Jones,* for appellant.
*Langford, Pope & Bailey, Robert Thomas Pope,* for appellee.