A95A0354. JONES et al. v. MARCUS et al.
(457 SE2d 271)

ANDREWS, Judge.

About three months after Marcus bought two re-treaded tires for his pickup truck from Jones Tire & Alignment Company, one of the tires blew out while he was driving on Interstate 75. An accident resulted and Marcus was seriously injured. Marcus and his wife, who

---

joined Marcus in the suit to bring a loss of consortium claim, sued the manufacturer of the re-treaded tire, Quality Treads, and sued Jones, individually, and d/b/a Jones Tire & Alignment Company (Jones), as the retailer. He claimed Jones negligently sold him a defective tire and breached implied warranties of merchantability (OCGA § 11-2-314) and fitness for a particular purpose (OCGA § 11-2-315). We granted the application of Jones for an interlocutory appeal from the trial court's denial of his motion for summary judgment.

1. Jones claims that in denying summary judgment the trial court erroneously ruled that Marcus could recover damages for breach of an implied warranty under OCGA § 11-2-314 without showing that the re-treaded tire was defective or unmerchantable at the time of the sale. In denying the motion for summary judgment, the trial court expressly ruled that "the Court finds that proof of a defect at the time of sale is not, nor should be, an essential element of a breach of implied warranty claim under the Uniform Commercial Code." The trial court cited no authority for this holding and stated it was an issue of first impression in Georgia. Although we have found no cases directly on point, it is obvious that the alleged defect or condition must have existed at the time of the sale. "As warranty liability under the Code is predicated upon a sale, it follows that the defect or condition of the goods relied upon to establish that there has been a breach of warranty must have existed at the time of the sale." Anderson, Uniform Commercial Code, Vol. 3, § 2-314:57 (3rd ed. 1983). In other words, the implied warranties warrant against defects or conditions existing at the time of sale, but do not provide a warranty of continuing serviceability. Id. The trial court's summary judgment ruling erred to the extent it held to the contrary.

2. In denying summary judgment to Jones, the trial court also ruled that there was evidence that the re-treaded tire was defective or unmerchantable at the time it was sold. Although an expert testified that the actual process of bonding the re-tread to the old tire casing was not defectively done, there was evidence that the old tire casing was not suitable to be re-treaded because the rubber of the old casing had lost its elasticity. There was expert testimony that, because the old casing lacked sufficient elasticity, a bubble developed between the ply-cords of the old tire casing and the outer rubber of the casing which caused the re-tread to separate from the casing in a catastrophic blow-out after the tire was sold and placed in use. There was evidence in the record sufficient to create a factual question as to breach of an implied warranty of merchantability. OCGA § 11-2-314. The trial court correctly denied summary judgment on this issue.

3. Jones contends that the trial court erroneously denied his motion for summary judgment on Marcus' claim for breach of an implied warranty of fitness for a particular purpose. OCGA § 11-2-315 pro-

vides that: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under Code Section 11-2-316 an implied warranty that the goods shall be fit for such purpose." This Code section "requires *both* the seller to have reason to know of the particular purpose for which the goods are required *and* the buyer to rely on the seller's skill or judgment in selecting or furnishing suitable goods, in order to find this implied warranty on the part of the seller." (Emphasis in original.) *Bruce v. Calhoun First Nat. Bank*, 134 Ga. App. 790, 794 (216 SE2d 622) (1975). Accordingly, the warranty of fitness for a particular purpose " 'envisages a specific use by the buyer which is peculiar to the nature of his business . . .' UCC § 2-315, Official Comment, Par. 2 . . . [and] also requires that the seller know the buyer is relying upon the seller's skill or judgment. White & Summers, Uniform Commercial Code, § 9-9, p. 358 (2d ed. 1980)." *Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113, 114 (363 SE2d 312) (1987); *Freeman v. Hubco Leasing*, 253 Ga. 698, 703 (324 SE2d 462) (1985).

The only evidence is that Marcus told Jones he wanted tires for his pickup truck, and that Jones advised him on the proper size and type to fit the truck. Knowledge by Jones that the tires were to be used on the truck is not knowledge of a "particular purpose" within the meaning of OCGA § 11-2-315. *Bruce*, supra at 794. Although there is evidence in the record that Marcus used the truck in his construction business, there is no evidence that Jones was made aware that the truck or tires would be used in the business or for any particular purpose associated with the business. In the absence of any evidence that Jones knew Marcus was relying upon his skill or judgment to select tires for a "particular purpose," Jones was entitled to summary judgment on the claim for breach of a warranty of fitness for a particular purpose. The trial court erred by denying summary judgment on this issue.

4. Jones also claims that he was entitled to summary judgment on the negligence claim because that claim was not carried forward from the complaint into the pre-trial order entered in the case. Liberally construed, the pre-trial order is sufficient to embrace consideration of the negligence issue. *Cooper v. Rosser*, 232 Ga. 597, 598 (207 SE2d 513) (1974); *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522-523 (428 SE2d 426) (1993). The trial court properly denied summary judgment on this issue.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MAY 3, 1995.

McLain & Merritt, William S. Sutton, for appellants.
Eugene R. Kiser, Quentin Henderson, Jr., Abraham L. Kanner, for appellees.