A02A2419. DILDINE v. TOWN & COUNTRY TRUCK SALES, INC.
(577 SE2d 882)

RUFFIN, Presiding Judge.

Seeking damages pursuant to the Magnuson-Moss Warranty Act,[1] Laura Dildine sued Town & Country Truck Sales, Inc. ("Town & Country") for breach of the implied warranty of merchantability associated with a car she purchased from the dealership. Dildine also sought to revoke acceptance of the vehicle. After Dildine presented her case to the jury, the trial court directed a verdict for Town & Country. Dildine appeals, and for reasons that follow, we affirm.

1. " 'A directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' "[2] In determining whether an evidentiary conflict exists, we apply the "any evidence test" and construe the evidence favorably to Dildine, the party opposing the directed verdict.[3]

Viewed in this light, the evidence shows that Dildine purchased a used 1998 Oldsmobile Cutlass from Town & Country on June 5,

---

[1] See 15 USC § 2301 et seq.
[2] *Griffith v. Med. Rental Supply &c.*, 244 Ga. App. 120 (534 SE2d 859) (2000).
[3] See id.

2000. When Dildine bought the car, it had 35,478 miles on it. Dildine drove the Oldsmobile without incident for three and one-half months, putting approximately 14,000 additional miles on the car. In late September 2000, however, the alternator malfunctioned, and the Oldsmobile was towed to Town & Country. The dealership fixed the alternator under an extended warranty service contract that Dildine had purchased with the car.

Following the alternator repair, Dildine drove the car another 12,000 miles without difficulty. In February 2001, however, she noticed that it was overheating and leaking coolant fluid. On February 15, 2001, she took the car to Town & Country, which attempted a repair. At that point, the car's odometer read 62,251 miles.

Town & Country's repair work apparently did not resolve Dildine's complaints, and she returned to the dealership twice in March 2001. Although Town & Country replaced the Oldsmobile's radiator and water pump, the cooling system problems persisted. Dildine also reported that, at the time of trial, the car's sunroof leaked, the hood latch and air conditioner did not work properly, and one headlight was out. Nevertheless, she continued to drive the car, which had 91,000 miles on it by the trial date.

Randy Dickerson, a certified master automotive technician, testified as an expert for Dildine. According to Dickerson, he inspected Dildine's Oldsmobile in July 2001 and found several problems with the car's cooling system. Asked whether the vehicle was "defective" when Town & Country sold it to Dildine, Dickerson responded, "[i]t's a possibility," and explained that he "did not inspect the vehicle when it was bought or prior to the purchase, so [he does not] know the condition of it at purchase." Dickerson later reiterated that he could only testify that the car *possibly* was defective when sold. He agreed with defense counsel that it "[m]ight have been [defective, or] might not have been [defective]" on the sale date. Dickerson also testified that many cars require a cooling system service around 60,000 miles.

At the close of Dildine's case, Town & Country moved for a directed verdict on several grounds, including that Dildine failed to present evidence of any defect on the date of sale. The trial court agreed and granted the motion. We find no error.

The Magnuson-Moss Warranty Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under . . . [an] implied warranty . . . [to] bring suit for damages and other legal and equitable relief."[4] The Act defines "implied warranty" as "an implied warranty arising under State law . . . in connection with the sale by a supplier of a

---

[4] 15 USC § 2310 (d) (1).

consumer product."[5] To recover, therefore, Dildine must show that Town & Country breached the implied warranty of merchantability arising under Georgia law.[6]

In Georgia, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."[7] This warranty protects consumers from "defects or conditions existing at the time of sale."[8] Thus, proof that the Oldsmobile was defective *when sold* is an essential element of Dildine's claim.[9]

Dildine did not satisfy this proof requirement. The evidence shows that she drove the Oldsmobile extensively, without incident, until the alternator failed in September 2000. Town & Country replaced the alternator, and she had no further problems with the car until February 2001, when the cooling system began to malfunction. By that point, she had driven the car approximately 26,000 miles. This evidence does not support the conclusion that any defect existed when she purchased the car in June 2000.

Furthermore, although Randy Dickerson testified that the Oldsmobile's cooling system *possibly* was defective on the date of purchase, a factual inference " 'cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.' "[10] And even Dickerson admitted that many cars need a cooling system service after 60,000 miles, the approximate mileage on Dildine's car when she first reported the cooling problem.

Dildine's evidence did not create an inference that the Oldsmobile was defective on the purchase date. To find such a defect, the jury would have been forced to rely on speculation or guesswork, improper bases for liability.[11] Accordingly, the trial court properly

---

[5] 15 USC § 2301 (7).

[6] See id.; see also *Sharpe v. Gen. Motors Corp.*, 198 Ga. App. 313, 314 (3) (401 SE2d 328) (1991) (Magnuson-Moss Warranty Act "relates to *damages*, not liability, and provides for consumers' recovery of costs and attorney's fees in successful actions for breaches of warranty *under state law*").

[7] OCGA § 11-2-314 (1).

[8] *Jones v. Marcus*, 217 Ga. App. 372, 373 (1) (457 SE2d 271) (1995).

[9] See id.; see also *Griffith*, supra at 122 (defect must exist at time of sale or lease for valid breach of implied warranty claim); *Jenkins v. Gen. Motors Corp.*, 240 Ga. App. 636, 638 (5) (524 SE2d 324) (1999) (same).

[10] *Heinsimer v. Wellington Leisure Products*, 231 Ga. App. 579, 582 (1) (500 SE2d 7) (1998).

[11] See *Cannon v. Jeffries*, 250 Ga. App. 371, 372-373 (1) (551 SE2d 777) (2001) (bare possibility that injury resulted from doctor's lack of skill or care will not sustain medical malpractice claim); *Bennett Street Properties v. CSX Transp.*, 248 Ga. App. 686, 687-688 (1) (548 SE2d 619) (2001) (plaintiff cannot support claim with speculation, conjecture, and the equivocal opinion of an expert); *Singleton v. Phillips*, 229 Ga. App. 286, 288 (1) (494 SE2d 66) (1997) (" 'The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains

granted Town & Country's motion for directed verdict on this ground.[12]

2. Dildine also argues that evidentiary conflicts remain regarding her revocation claim. According to her complaint, she was entitled to revoke acceptance because the Oldsmobile was "substantially impaired" when sold to her.[13] As discussed above, however, she failed to present any evidence that the Oldsmobile was defective or nonconforming at the time of sale, eviscerating this claim.

3. Finally, Dildine argues that the jury should have been allowed to determine whether Town & Country breached an express warranty. Dildine purchased an extended warranty service contract when she bought the Oldsmobile from the dealership. In her view, Town & Country failed to properly repair her car and, thus, breached this written warranty.

The record shows, however, that Dildine did not assert an express warranty claim in her complaint, in her proposed pretrial order, or at trial. In fact, her attorney noted during trial that she did not "claim that [Town & Country] failed to honor [the] service contract" and acknowledged that she was "traveling on implied warranty." Despite these statements, she now contends that, because Town & Country did not object to the service agreement evidence, her pleadings were automatically amended by OCGA § 9-11-15 (b) to include an express warranty claim.

As an initial matter, Dildine waived this argument by failing to assert it below.[14] Even absent waiver, we find no merit in Dildine's reliance on OCGA § 9-11-15 (b). Under that Code section, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Although a party's failure to object to evidence involving a new issue may imply consent, no consent can be found "if the parties do not squarely recognize the new issue as an

---

one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' ").

[12] See *Griffith*, supra; *Jenkins*, supra; cf. *Jones*, supra at 373 (2) (summary judgment on implied warranty claim properly denied where plaintiff presented expert testimony that tire was defective when sold); *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840, 841-842 (1) (244 SE2d 905) (1978) (expert testimony that tire failure was caused by defect in material or workmanship was sufficient to support jury conclusion that tire was defective when sold).

[13] See OCGA § 11-2-608 (revocation is a remedy potentially available to a buyer who accepts a good "whose nonconformity substantially impairs its value"); *Freeman v. Hubco Leasing*, 253 Ga. 698, 705 (4) (324 SE2d 462) (1985) (noting that revocation of acceptance is a remedy under the Uniform Commercial Code).

[14] See *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643, 647 (3) (551 SE2d 58) (2001) ("It is well established that this court will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal.") (punctuation and footnote omitted), aff'd, 275 Ga. 827 (573 SE2d 389) (2002).

issue in the trial."[15] And a nonobjecting party does not impliedly consent when the evidence introduced is "relevant to an issue made by the pleadings and there is no [indication] the party offering such evidence was seeking to amend the pleadings."[16]

The trial transcript shows that the parties viewed the service contract evidence as relevant to whether the Magnuson-Moss Warranty Act, which formed the basis of Dildine's implied warranty claim, applied to the case. The evidence, therefore, related to an issue originally raised in the complaint. Moreover, the record contains no suggestion that Dildine introduced the service contract evidence as part of an express warranty claim. On the contrary, she explicitly pursued an implied warranty theory throughout the trial. Under these circumstances, the issue of express warranty was not tried by implied consent, and the trial court did not err in failing to submit this issue to the jury.[17]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 18, 2003.

*Eric S. Fortas*, for appellant.
*Moulton & Massey, Jeremy A. Moulton, John W. Moulton*, for appellee.

---

[15] (Punctuation and footnote omitted.) *Holliday v. Jacky Jones Lincoln-Mercury*, 251 Ga. App. 493, 496 (1) (554 SE2d 286) (2001).

[16] (Punctuation omitted.) Id.; see also *Borenstein v. Blumenfeld*, 250 Ga. 606, 607-608 (1) (299 SE2d 727) (1983) ("[C]onsent to try the [fraud] issue cannot be implied from the . . . failure to object to fraud evidence, where such evidence was also relevant to other issues properly pleaded.").

[17] See *Holliday*, supra; see also *Andean Motor Co. v. Mulkey*, 251 Ga. 32, 33 (2) (302 SE2d 550) (1983) (auto manufacturer did not impliedly consent to try express warranty claim where record showed that plaintiff's claim against manufacturer was tried on strict liability theory).