## A04A1642. SOTO v. CARMAX AUTO SUPERSTORES, INC.
### (611 SE2d 108)

SMITH, Presiding Judge.

Pedro Soto appeals from the grant of summary judgment to CarMax Auto Superstores, Inc., in an action he filed seeking damages in connection with his purchase of a used Chevrolet Blazer. Soto sought recovery under several theories, but only his claim of breach of implied warranties is at issue in this appeal. We find that the trial court correctly ruled that Soto presented no evidence that the vehicle was defective at the time of sale, and we affirm the trial court's grant of summary judgment to CarMax.

Soto purchased the used 1997 Blazer from CarMax on May 19, 2001. At that time, the vehicle's odometer showed that it had been driven more than 57,000 miles. At the time of purchase, Soto also received a 30-day/1,000 mile limited warranty, which appeared in CarMax's "Buyers Guide" and was specifically incorporated into the "Buyer's Order," which Soto also received at the time of purchase. Immediately under the notice informing the buyer that the limited warranty brochure was specifically incorporated, the "Buyer's Order" recited in capital letters a paragraph in which CarMax limited "ANY

AND ALL IMPLIED WARRANTIES . . . TO THE DURATION OF THE WRITTEN LIMITED WARRANTY GIVEN BY CARMAX, IF ANY."

It is undisputed that after Soto purchased the Blazer, he brought it in for repair of various items numerous times. All repairs were covered either under CarMax's limited warranty or under an extended repair contract Soto also purchased. The first repair visit was shortly after purchase, when new windshield wipers were ordered and minor problems were corrected with the interior light and a clip on the sun visor. Shortly thereafter, the vehicle was towed in for repair because the fuel gauge was inaccurate, the wipers were again inoperable, and a serpentine engine belt was cracked. These problems were all corrected by CarMax. Subsequent problems, which included transmission slippage, air conditioner malfunction, tire problems, alternator shorting, fuel and water pump malfunctions, and trouble removing the key from the ignition, were all corrected.

Soto brought the Blazer into CarMax for repair in September 2002 complaining of a continuing vibration problem at speeds of 65-70 miles per hour and a problem with the fuel gauge warning light. He was referred to a local Chevrolet dealership for analysis of the vibration problem. The dealership found nothing amiss and termed the vibration "normal road vibration." The problem with the fuel gauge warning light remained uncorrected, although the fuel gauge itself was functioning properly.

That same month, claiming he had "no confidence" in the Blazer, Soto left the car at CarMax and stopped making payments to the third-party finance company. He hired counsel, and after sending a demand letter, he filed this suit against CarMax.

1. The trial court found that Soto's "claim for breach of implied warranty must fail because he has presented no evidence that the vehicle was not merchantable at the time of sale." Soto contends this ruling was erroneous because he presented sufficient evidence to create a jury question regarding whether the Blazer's defects were present at the time he purchased it and whether the Blazer was therefore not merchantable. We do not agree.

(a) Under OCGA § 11-2-314 (1), "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." "This warranty protects consumers from defects or conditions existing at the time of sale." (Citation, punctuation and footnote omitted.) *Dildine v. Town & Country Truck Sales*, 259 Ga. App. 732, 734 (577 SE2d 882) (2003). In *Jones v. Marcus*, 217 Ga. App. 372 (457 SE2d 271) (1995), this court held that "it is obvious that the alleged defect or condition must have existed at the time of the sale." Id. at 373 (1). This is logical, because it is clear that "the implied warranties warrant against defects or

conditions existing at the time of sale, but [they] do not provide a warranty of continuing serviceability. [Cit.]" Id. It follows that proof that the Blazer was defective *when it was sold* is an essential element of Soto's claim for breach of the implied warranty of merchantability. See also *McDonald v. Mazda Motors*, 269 Ga. App. 62, 68 (2) (b) (603 SE2d 456) (2004) (physical precedent only) (latent defect existing at time of sale essential to recovery on claim for breach of implied warranty); *Simpson v. Hyundai Motor America,* 269 Ga. App. 199, 204 (1) (b) (603 SE2d 723) (2004).

Summary judgment is proper when the moving party shows that no genuine issue of material fact exists, and that, when viewed in the light most favorable to the respondent, the undisputed facts warrant judgment as a matter of law. As a defendant, CarMax could do this by demonstrating that no evidence exists in the record to create a jury issue as to at least one essential element of Soto's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Generally, whether a latent defect existed at the time of sale is a jury question. *Lau's Corp.*, supra, 261 Ga. at 493 (2). Here, however, CarMax showed that Soto presented no evidence that any defect within the meaning of OCGA § 11-2-314 (2) (b) existed in the Blazer at the time he purchased it, or even when he abandoned it. Because evidence to that effect was essential to Soto's claim of breach of implied warranty, summary judgment was proper as to that claim.

(b) Moreover, Soto failed to present evidence showing that the Blazer was unmerchantable. Applying the relevant provisions of OCGA § 11-2-314 (2) (b), used cars, to be merchantable, must at least "pass without objection in the trade under the contract description," and they must be "fit for the ordinary purposes for which [cars] are used." OCGA § 11-2-314 (2) (a), (c). Soto purchased a used car with more than 57,000 miles on the odometer. As pointed out by CarMax, in the trade, used car sellers do not guarantee that their vehicles are perfect, because the future performance of such cars cannot be predicted. Most of Soto's complaints were about minor problems, and those, as well as other problems, were resolved in timely fashion and never rendered the vehicle unusable. The fact that windshield wipers do not work, for example, does not amount to a defect making a used car unmerchantable.

By the time Soto abandoned the Blazer and allegedly "lost confidence," he had driven it an additional 25,000 miles. As in *Dildine*, supra, 259 Ga. App. at 734, this fact inherently negates his claim that the vehicle was unmerchantable at the time of purchase, since it clearly was capable of being driven, the ordinary purpose for which vehicles are used. All Soto's complaints were resolved satisfactorily, except for the vibration, which was deemed "normal" by an authorized Chevrolet dealer, and a malfunctioning low fuel warning

light. These remaining "complaints" certainly did not rise to the level of a defect making the Blazer unmerchantable, even if never repaired. Because Soto presented no evidence supporting his claim that the vehicle was unmerchantable, the grant of summary judgment to CarMax on the claim of breach of the implied warranty of merchantability was proper for this reason as well.

2. Because we have concluded that the trial court correctly granted summary judgment to CarMax on Soto's claim for breach of the implied warranty of merchantability, we need not address Soto's remaining enumerations of error.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 1, 2005.

*Krohn & Moss, Adam Krohn, Amy M. Budow, Eric S. Fortas, Shireen Hormozdi*, for appellant.
*Carter & Ansley, John L. McKinley, Jr.*, for appellee.