## A10A1210. RIVERS v. H. S. BEAUTY QUEEN, INC.
### (703 SE2d 416)

DOYLE, Judge.

After suffering burns to her face and chest from a ceramic, scented-oil burner, Stacy Rivers filed the instant action, alleging claims for strict products liability, negligence, and breach of warranties of merchantability and fitness for a particular purpose against H. S. Beauty Queen, Inc. ("Beauty Queen"), where she purchased the item. Beauty Queen filed a motion for summary judgment, which the trial court granted as to all of Rivers's claims. Rivers appeals, arguing that there were genuine issues of material fact as to her claims and that the trial court therefore erred by granting the motion for summary judgment. We disagree and affirm, for the reasons that follow.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions[,] and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[1]

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in this light, the record establishes that Rivers shopped at Beauty Queen for scented candles for her home. She was assisted at the store by one of the employees, whom she alleges dissuaded her from buying the candles, directing her instead to ceramic, scented-oil burners. Rivers deposed that she selected a burner in the shape of an elephant, and because she was unaware of how to use the device, the employee explained to her that she would need to select an oil, purchase tealight candles, and place the candle below an oil reservoir so that the flame would heat the oil when lit. Rivers further deposed that the burner was not sold with instructions; however, she relied on the instructions on the scented oil in order to determine the amount of oil to use in the burner.

A few days later, Rivers used the device for the first time, placing it at face height on her mantel, but instead of a pleasing aroma, Rivers deposed that an unpleasant smell emanated from the burner, causing her to extinguish the flame by blowing out the candle. Rivers deposed that as she blew out the flame, it became very large, and "[i]t exploded in [her] face." Rivers was transported to the emergency room and was treated for second-degree burns on her face, neck, and chest, as well as injuries to her eyes, one of which was swollen shut after the incident.

Rivers filed the instant action against Beauty Queen, but did not join the manufacturers of any of the three products (the scented oil, the candle, or the ceramic burner) involved in the incident. Upon its motion, the trial court granted summary judgment to Beauty Queen on all counts alleged in the complaint. Rivers now appeals the grant as to each count except the allegation of strict products liability.

1. Rivers contends that the trial court erred by granting summary judgment on her claim that Beauty Queen breached an implied warranty of merchantability.

> A product is defective and breaches the implied warranty of merchantability when it is not fit for the ordinary purposes for which such goods are used; such purpose is determined by the manufacturer and not the user. In addition, as a separate element, a claim of breach of implied warranty requires proof that the goods are defective at the time they were sold. To succeed on its motion, [Beauty Queen] was required to show the absence of evidence as to at least one element of the breach of implied warranty claim.[2]

---

[2] (Citations and punctuation omitted.) *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 325 (2) (612 SE2d 546) (2005). See also OCGA § 11-2-314.

The trial court determined that Rivers's claim for breach of implied warranty of merchantability failed because Rivers's complaint specifically admitted that the ceramic burner was not defective, which resulted in a failure of proof of one of the essential elements of the claim.

"As warranty liability under the Code is predicated upon a sale, it follows that the defect or condition of the goods relied upon to establish that there has been a breach of warranty must have existed at the time of the sale."[3]

The trial court's conclusion that the ceramic burner was not defective for its ordinary purpose at the time of sale is supported by the evidence of record. While it appears that the trial court misconstrued the admission contained in Rivers's complaint (while inartfully worded, Rivers contended that the product was not defective *as manufactured*, but the display and packaging prepared by Beauty Queen rendered it defective), the grant of summary judgment to Beauty Queen was still correct because Rivers has not presented any evidence of record that some defect existed in the item such that it was inappropriate to use for its ordinary purpose as a ceramic oil burner other than the mere existence of her injury.[4]

On appeal, Rivers contends that the item was not defective for its ordinary purpose as a ceramic decorative item, but became defective as sold because Beauty Queen inappropriately advertised the product as a scented-oil burner. Beauty Queen's owners and employees, however, deposed that this item and others like it were marketed by the manufacturer as oil burners and were displayed as such at various trade shows attended by Beauty Queen personnel. Although a Beauty Queen employee deposed that customers could choose not to use the item as an oil burner, Rivers presented no affirmative proof to counter the employees' testimony that the item was marketed and distributed to Beauty Queen as an oil burner.[5] Accordingly, the trial court correctly granted summary judgment to Beauty Queen as to this claim.

2. Next, Rivers contends that the trial court erred by granting summary judgment on her claim that Beauty Queen breached its duty of implied warranty of fitness for a particular purpose.

---

[3] (Punctuation omitted.) *Jones v. Marcus*, 217 Ga. App. 372, 373 (1) (457 SE2d 271) (1995).

[4] See, e.g., *Jenkins v. Gen. Motors Corp.*, 240 Ga. App. 636, 637 (2) (524 SE2d 324) (1999) (evidence of accident, without more, does not establish evidence of negligence). Compare with *Jones*, 217 Ga. App. at 373 (2) (expert testimony regarding defect in re-treaded tire sufficient to create a factual question as to breach of an implied warranty of merchantability).

[5] Compare with *Jones*, 217 Ga. App. at 373 (2).

If "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose."[6] Comment 2 of the Uniform Commercial Code § 2-315 explains that

> [a] "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

Here, the evidence undisputably shows that Rivers utilized the ceramic burner for the ordinary purpose for which the item was intended, i.e., using the receptacle on the item to hold scented oil over a burning candle, causing the scent to diffuse throughout her home. Accordingly, because there is no evidence that Beauty Queen's employees knew that Rivers intended to use the product in any way other than its ordinary purpose, burning scented oil, the trial court correctly granted summary judgment on this claim.[7]

3. Finally, Rivers contends that the trial court erred by granting summary judgment on her claim of negligent failure to warn of the danger of using the oil burner. Rivers explains that because the oil burner was not packaged with instructions or warnings from the manufacturer, Beauty Queen had a duty to warn her of the foreseeable danger of being burned by heated oil when using the product.

While it is normally true that a seller has a duty to warn a user of a foreseeable danger of a product, this Court has held that a seller has no duty to communicate to a user "a danger already clearly listed on the product itself."[8] In this case, the oil Rivers purchased to use in the oil burner already clearly warned users not to allow the oil to contact open flame, the danger from which Rivers suffered injury. Rivers admitted that she read the oil bottle's instructions in order to determine the appropriate amount of oil to use. Moreover, the danger

---

[6] OCGA § 11-2-315.

[7] See *Jones*, 217 Ga. App. at 373-374 (3).

[8] *Farmer v. Brannan Auto Parts*, 231 Ga. App. 353, 355 (1) (498 SE2d 583) (1998).

of receiving a burn from the open flame of a candle is an obvious danger for which there is no duty to warn placed upon a seller.[9] Accordingly, the trial court correctly granted summary judgment to Beauty Queen on this claim.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2010.

*Reynolds, Horne & Survant, Timothy J. Boyd, Mary-Dallas J. Roper*, for appellant.

*Hawkins, Parnell, Thackston & Young, Wayne W. Dempsey, Jr., Michael J. Goldman, Brian W. Sprinkle*, for appellee.

---

[9] See *White v. Ga. Power Co.*, 265 Ga. App. 664, 666 (1) (595 SE2d 353) (2004) ("The danger from fire or water is one that even young children may be said to apprehend.") (punctuation omitted).

